Submitted on record and briefs February 25, affirmed May 25, 1983

BELCHER,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*
(82-AB-1249, CA A25546)
663 P2d 771

Herbert Bruce Belcher filed the brief pro se for petitioner.

Michael D. Reynolds, Assistant Attorney General, waived appearance for respondent Employment Division.

No appearance for respondent Sky Chefs Restaurant.

Before Joseph, Chief Judge, and Warden and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant appeals a decision of the Employment Appeals Board finding him disqualified for unemployment compensation benefits, because he had been discharged for misconduct under ORS 657.176(2)(a). He argues that the Board's decision was premised on an erroneous assumption that he had violated one, rather than another, of the employer's rules. Even though EAB's order does evidence some confusion about the applicable company rules, its finding of misconduct is supported by substantial evidence, and we affirm.

Claimant had been employed by Sky Chefs Restaurant on several occasions, the last beginning March 24, 1981. Sky Chefs provides each employe with "Rules of Conduct," which contain the following:

"1.    Report to work on time.

"2.    When you will be absent, call in at least two hours before the start of your shift. If you will be late, call in as early as possible. (Three consecutive days absence without advising the Company will be considered a voluntary resignation.)"

The company also had a rule with respect to absence due to illness:

"A sick slip from a doctor will be required before you are allowed to return to work regardless of whether you expect to receive sick pay or not."

During this period of employment, claimant was "written up" three times for failing to bring a "sick slip" or failing to give two hours' notice prior to his shift that he would be absent. On February 25, 1982, he had notified Sky Chefs that he was ill, but when he returned to work three days later without a sick slip, he was suspended from work for three days.

The incident prompting his dismissal occurred on March 28, 1982. That morning, he called his supervisor about three and a half hours after his shift had begun and reported that he had just awakened with a hangover and would not be in to work unless his supervisor wanted him to. The supervisor thought it imprudent for him to operate a slicing machine in the kitchen with a hangover and told him to stay at home and report to work the next day. When he did so, he was fired.

OAR 471-30-038(3) provides:

> "Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or more inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

The Board concluded:

> "Here, we find misconduct in that the employer had a rule which required notification prior to the commencement of an employee's shift if they [sic] were going to be absent. The claimant knew of that rule and, in fact, had been warned in the past that he had violated the rule and to do so again would result in his termination. Notwithstanding that knowledge, the claimant on March 28, 1982 failed to notify the employer prior to the commencement of his shift that he would be late due to a hangover. His actions in this regard are wilful. * * *"

Claimant argues that the Board erroneously assumed that the company's rule with respect to tardiness required two hours' prior notice and that, because he merely called in to report his tardiness, which he did "as soon as possible" according to the correct rule, he did not wilfully violate the company's standards of behavior. However, it is clear from the record that claimant had consistently refused to bring "sick slips" to explain his absences, despite warnings that he must do so. In this last incident, he called in to report essentially that he was in no condition to perform his job that day because he had got too drunk the previous evening. Even though claimant chooses to call the situation mere tardiness, the Board's finding of misconduct is supported by substantial evidence.

Affirmed.